IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM COFER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:17-CV-576-WKW |
| | ) | [WO] |
| INV. TEDDY MORRIS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, William Cofer, Jr., ("Cofer"), an inmate proceeding *pro se* and *in forma pauperis*, is confined in the Chambers County Detention Facility in LaFayette, Alabama. In this 42 U.S.C. § 1983 action, he challenges events which occurred on or about April 20, 2016.[1] Named as defendants are Investigators Teddy Morris and Shannon Frailey and Major Clay Stewart. Cofer seeks damages and "equal justice in law for this judicial system." Doc. 5. Upon review, the court concludes that this case is due to be summarily dismissed prior to service of process under 28 U.S.C. § 1915(e)(2)(B).[2]

## I. DISCUSSION

**A.      Standard of Review Under 28 U.S.C. § 1915(e)(2)(B)**

Because Cofer is proceeding *in forma pauperis*, the court reviews his amended complaint under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2), a court is required to dismiss a complaint

---

[1] In accordance with the prior orders and proceedings in this matter, the captioned action is proceeding on the amended complaint filed September 21, 2017. Doc. 5.

[2] The court granted Plaintiff's request for leave to proceed *in forma pauperis*. Docs. 2 & 3. A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

proceeding *in forma pauperis* if it determines that an action is frivolous, malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief against a defendant immune from

such relief.  A claim is frivolous when it "has little or no chance of success"—that is, when it

appears "from the face of the complaint that the factual allegations are clearly baseless or that the

legal theories are indisputably meritless."[3] *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

A claim is frivolous if it "lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S.

319, 325 (1989).  A claim is frivolous as a matter of law where, among other things, the defendants

are immune from suit, *id*. at 327, the claim seeks to enforce a right that clearly does not exist, *id*.,

or an affirmative defense would defeat the claim, such as the statute of limitations. *Clark v. Ga.

Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990).

In this analysis, courts are accorded "not only the authority to dismiss [as frivolous] a claim

based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the

complaint's factual allegations and dismiss those claims whose factual contentions are clearly

baseless." *Neitzke*, 490 U.S. at 327.  Thus, a complaint may be dismissed under 28 U.S.C. §

1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear

that no relief could be granted under any set of facts that could be proved consistent with the

allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355

U.S. 41, 45–46 (1957)); *see Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) (noting that

§ 1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P. 12(b)(6)).

## B.    The Amended Complaint

Cofer asserts the following claims for relief: (1) Defendants Morris and Frailey "pd $100

---

[3] A complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

 . . . and made the informant bond, etc., time I do not have"; (2) "Slandering my name in the newspaper and on the news, etc., descrimination [sic] of race, all which occurred on April 20th, 2016 Chambers County Detention Facility Inv. Shannon Frailey and Teddy Morris, Major Stewart, Clay, and cruel & unusual punishment"; and (3) "Held against my will due to someone being bribe for false imprisonment. 4th amendment right.  Cruel and unusual punishment, April 20th 2016. [Defendants] all are involved.  No probable cause to keep me locked up as of now." Doc. 5 at 3.

### 1.     *Grounds One and Three*

To state a claim under § 1983, a plaintiff must allege that (1) a defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. *Am. Manuf. Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999); *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986).  The court has carefully reviewed Grounds One and Three of Cofer's amended complaint, in which he claims the defendant investigators paid an informant, allowing him to make bond, and that someone was bribed for information which has caused Cofer to be "held against [his] will" for no reason.  These purely generalized and conclusory allegations of wrongdoing, however, assert no comprehensible or logical set of facts to support any claim for relief against the named defendants regarding any alleged violation of Cofer's constitutional rights. *See Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984).  That is, Cofer's amended complaint fails to identify specific facts that allow the court to make any plausible inference that treatment he allegedly received from a named defendant amounted to a violation of his constitutional rights. *See Ashcroft*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice."); *see also Marsh v. Butler Cnty.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) ("[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal."). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at (1949) (internal quotation marks and citations omitted).

Here, Cofer cannot rely on subjective suspicions and unsupported speculation but must provide sufficient facts to show how the conduct or actions of a defendant allegedly amounted to a violation of his constitutional rights. *Iqbal*, 556 U.S. at 679. Because Cofer's generalized assertions in Grounds One and Three of the amended complaint are unsupported by any specific factual allegations directed to any specific defendant, they are insufficient to state a claim under § 1983 and are, therefore, subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Iqbal*, 556 U.S. at 678 (internal quotations and citations omitted) (holding that a complaint satisfies neither Fed.R.Civ.P. 8 nor Fed.R.Civ.P. 12(b)(6) if it only "tenders naked assertion[s] devoid of further factual enhancement"). Further, any attempt by Cofer to challenge the very fact or duration of his physical imprisonment and obtain a determination that he is entitled to immediate release or a speedier release from that imprisonment is not appropriate in this § 1983 action. Rather, the proper vehicle for mounting such a challenge is by way of a writ of habeas corpus. *See Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (holding that habeas corpus is the exclusive remedy for prisoners attacking the validity of their conviction or confinement).

### 2. *Ground Two*

In Ground Two, Cofer alleges that his name was slandered in the newspaper. This claim

4

fails to state a claim of constitutional proportion.  The United States Constitution does not forbid defamation, libel, or slander. *Davis v. City of Chicago*, 53 F.3d 801, 803 (7th Cir. 1995) (citing *Siegert v. Gilley*, 500 U.S. 226 (1991), and holding that defamation, which encompasses libel and slander, is a tort actionable under the law of most states, but not a constitutional deprivation); *Paul v. Davis*, 424 U.S. 693 (1976 ) (recognizing that an interest in reputation alone is not a liberty or property interest protected by the Due Process Clause, and thus holding that defamation does not give rise to a claim under 42 U.S.C. § 1983).  Accordingly, Cofer's § 1983 claim for slander is due to be dismissed. *See Neitzke,* 490 U.S. at 327.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.      Plaintiff's § 1983 claims in Grounds One and Three of the amended complaint be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii);

2.      Plaintiff's § 1983 claims for slander in Ground Two of the amended complaint be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i);

3.      This case be DISMISSED prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i-ii).

It is further ORDERED that **on or before October 27, 2017**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of

factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this 13th day of October, 2017.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE